IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 Case No. 19-11351 |
| | ) | |
| Jason D. Wallace | ) | Bankruptcy Judge Jessica Price Smith |
| | ) | |
| Debtor | ) | |

## MOTION TO COMPROMISE CLAIM

Now comes the Trustee, Sheldon Stein, and respectfully represents to the court as follows:

1. This case filed on March 13, 2019. The undersigned is the appointed Trustee.

2. According to testimony at the §341 meeting of creditors, written testimony contained in the bankruptcy documents filed by the debtor, and the Trustee's subsequent investigation, the debtor asserts claims on Schedule AB against the Nordonia Hills City School District Board of Education, the Solon City School District Board of Education, and the Cleveland Heights-University Heights School District Board of Education. The value of these claims were each listed on Schedule AB as having a value of ("$0.00). These school districts deny the validity of the asserted claims, and state they have defenses to these claims if the matters were litigated.

3. On June 21, 2019, the school districts listed above filed an Adversary Proceeding against the debtor (Case No. 19-01052), contesting the dischargeability

of claims the school district have against the debtor.

4. After discussions and negotiations with the debtor (now acting as his own attorney), and counsel for the school districts, each school district – without admitting the validity of any potential claims against them, but solely in order to avoid further expense and delay resulting from litigation – offers to pay the Estate $8,000.00 (a total of $24,000.00) in satisfaction of all claims the Estate and the school districts may have against each other. The Trustee acknowledges receipt of this money.

5. Considering the time required to litigate this matter, potential legal fees, costs and expense to the estate in bringing these matter to a conclusion, and taking into consideration the facts of this case asserted in the adversary proceeding and potential defenses available to the school districts to the claims asserted by the debtor, the Trustee respectfully represents to the Court the proposed settlement amount represents a sum greater than that which would ultimately be available for unsecured creditors if these matters were fully litigated. Further, the settlement eliminates the risk of an unfavorable outcome.

6. Therefore, the Trustee respectfully moves the court for an order allowing him to accept $8,000.00 from each of the school districts (a total of $24,000.00) as set forth above.

WHEREFORE, the Trustee respectfully moves the court for an order allowing him to accept the settlement described above, and for authority to execute the

settlement agreement attached, and for such other relief as the court deems just.

/s/ Sheldon Stein
Sheldon Stein, Trustee (0007292)
S. Stein Company LLC
50 Public Square, Ste. 2200
P.O. Box 5606
Cleveland, OH 44101
(216) 696-7449
(216) 696-5329 (fax)
ssteindocs@gmail.com

Certificate of Service

I certify that on December 12, 2019, a true and exact copy of this document was served:

Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

| | |
|---|---|
| Darrell A. Clay | dclay@walterhav.com |
| United States Trustee | (Registered address)@usdoj.gov |
| Jason Wallace | jason@gethelpohio.com |

On the following creditors that filed claim in this case

Quantum3 Group LLC
as agent for Crown Asset Management LLC
P.O. Box 788
Kirkland, WA 98083-0788

Discover Bank
Discover Products Inc
P.O. Box 3025
New Albany, OH 43054-3025

Bank of America, N.A.
P.O. Box 982284
El Paso, TX 79998-2238

BMW Financial Services NA, LLC
P.O. Box 3608
Dublin OH 43016

3

American Express National Bank
c/o Becket and Lee LLP
P.O. Box 3001
Malvern PA 19355-0701

Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57117

Portfolio Recovery Associates, LLC
P.O. 12914
Norfolk VA 23541

United States of America
Small Business Administration
c/o Richard Lukich, District Counsel
1350 Euclid Avenue
Cleveland, OH 44115

Office of the United States Attorney
801 West Superior Avenue, Ste. 400
Cleveland, OH 4113

The Huntington National Bank
3 Cascade Plaza CAS061
Akron, OH 44308

Affinity Whole Health
6180 Halle Dr. Ste B
Valley View, OH 44125

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
JPMC
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001

Navient Solutions, LLC.
On behalf of Department of Education Loan Services
P.O. BOX 9635
Wilkes-Barre, PA 18773-9635

Capital One Bank (USA), N.A.
by American InfoSource as agent
P.O. Box 71083
Charlotte, NC 28272-1083

                                                  /s/ Sheldon Stein
                                                  Sheldon Stein, Trustee

# SETTLEMENT AGREEMENT AND
# RELEASE OF CLAIMS

This **Settlement Agreement and Release of Claims** ("**Agreement**") is entered into this _____ day of _____, 2019, ("**Effective Date**"), by and between **Sheldon Stein, Chapter 7 Trustee for Debtor Jason D. Wallace, Case No. 19-11351** ("**Trustee**") and Solon City School District (and its insurer, Liberty Mutual Insurance Company) ("**Solon**"); Nordonia Hills City School District Board of Education (and its insurer Hylant Administrative Services LLC d/b/a HAS Claims Service) ("**Nordonia**"); and Cleveland Heights-University Heights School District Board of Education ("**CH-UH**"). Solon, Nordonia, and CH-UH are collectively referred to as "**School Districts**," and the Trustee and the School Districts are collectively referred to as the "**Parties**" or individually, as a "**Party**."

## RECITALS

WHEREAS, on or about March 13, 2019, Jason D. Wallace ("**Wallace**") filed a Chapter 7 voluntary petition for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio, which was assigned Case No. 19-11351 ("**Petition**");

WHEREAS, Sheldon Stein was designated as the Trustee to administer Wallace's bankruptcy estate;

WHEREAS, Question 34 of Part 4 to Schedule A/B of Wallace's Petition included as other contingent and unliquidated claims of every nature the following: "claims for retaliation against multiple school districts including" but not limited to Nordonia, CH-UH, and Solon ("**Potential Retaliation Claims**");

WHEREAS, Part 2 to Schedule E/F to Wallace's Petition listed as nonpriority unsecured claims each of the following (collectively, "**Potential IDEA Awards**"):

- 4.13: Creditor Cleveland Heights/University Heights School District Board of Education – "Claim for 28 USC 1920 Cost under the Individuals with Disabilities Education Improvement Act" in the amount of $131,000.00;

- 4.14: Creditor Cleveland Heights/University Heights School District Board of Education – "Claim for 28 USC 1920 Cost under the Individuals with Disabilities Education Improvement Act" in the amount of $181,000.00;

- 4.21: Creditor Hylant Administrative Services, LLC d/b/a HAS Claims Services – "Claim for 28 USC 1920 Cost under the Individuals with Disabilities Education Improvement Act" in the amount of $145,000.00;

- 4.25: Creditor Nordonia Hills City School District – "Claim for 28 USC 1920 Cost under the Individuals with Disabilities Education Improvement Act" in the amount of $145,000.00; and

- 4.32: Solon City School District – "Claim for 28 USC 1920 Cost under the Individuals with Disabilities Education Improvement Act" in the amount of $135,000.00;

1

WHEREAS, Question 9 to Part 4 of Form 107 of Wallace's Petition lists, *inter alia,* the following matters in which he was a party during the one year period preceding his filing for bankruptcy (all collectively, "**IDEA Fee Actions**"):

- *Nordonia Hills City School District Bd. of Ed. et al. v. Jason Wallace, et al.,* Northern District of Ohio, Case No. 5:16-cv-01973;

- *Cleveland Heights/University Heights School District Board of Education v. Jason Wallace, et al.,* Northern District of Ohio, Case No. 5:17-cv-00553;

- *Cleveland Heights/University Heights School District Board of Education v. Jason Wallace,* Northern District of Ohio, Case No. 5:17-cv-00883; and

- *Solon City School District Board of Education et al. v. Jason Wallace, et al.,* Northern District of Ohio, Case No. 5-16-cv-02847;

WHEREAS, on June 21, 2019, the School Districts commenced an Adversary Proceeding against Wallace in the United States Bankruptcy Court, Northern District of Ohio, which was assigned Adversary Case No. 19-01052 ("**Adversary Proceeding**");

WHEREAS, the Adversary Proceeding sought a determination of whether the Potential IDEA Awards were non-dischargeable pursuant to 11 U.S.C. § 523(a); and

WHEREAS, the Trustee and the School Districts wish to avoid the necessity of further proceedings involving the Potential Retaliation Claims, the Potential IDEA Awards, and/or the IDEA Fee Actions as each relates to Wallace individually, and/or the Adversary Proceeding;

NOW THEREFORE, in consideration of the promises, covenants and agreements contained herein, the Parties intend to be legally bound and agree as follows:

1. <u>Payments To The Trustee.</u> In consideration of the other covenants and obligations set forth in this Agreement, each of the School Districts separately agrees to pay or cause to be paid to the Trustee the sum of $8,000.00 (for a total combined payment to the Trustee of $24,000.00). Each payment shall be made by check made payable to the Trustee, and the Trustee shall deposit and retain each payment in his IOLTA account until the Bankruptcy Court approves this Agreement, whereupon he shall disburse the funds in the ordinary course of his duties as a bankruptcy trustee. In the event the Bankruptcy Court refuses to approve this Agreement, the Trustee shall immediately refund each of the payments to the School Districts.

2. <u>Taxes</u>. The Trustee shall be solely responsible for payment of any and all federal, state, or local income and other taxes, if any, that are or may be assessed against him or Wallace arising out of or relating to the payments set forth in Paragraph 1 of this Agreement.

3. <u>Dismissal of Adversary Proceeding and IDEA Fee Actions.</u> Within ten calendar days after (i) the Bankruptcy Court approves this Agreement and (ii) all Parties have executed a copy thereof, the School Districts agree to dismiss the Adversary Proceeding with prejudice (all parties to bear their own costs and expenses, including attorneys' fees) and to take all steps

reasonably necessary to dismiss any of the IDEA Fee Actions that have not previously been dismissed, but only as they relate to Wallace individually.

4. <u>Release By Trustee.</u> The Trustee, on behalf of Wallace, the bankruptcy estate of Wallace, and each of Wallace's attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliates, and assigns, hereby irrevocably and unconditionally releases, acquits, covenants not to sue, and forever discharges each of the School Districts and all of their board members, employees, contractors, consultants, agents, representatives, insurers, attorneys, heirs, executors, administrators, predecessors, successors, affiliates, and assigns from any and all past or present claims, counterclaims, cross-claims, third-party claims, obligations, liabilities, damages, rights, losses, expenses (including attorneys' fees), costs, and/or causes of action, asserted or unasserted, known or unknown, whether in tort, contract, strict liability, statutory or any other theory, arising from or relating to any matter (including but not limited to the Potential Retaliation Claims) that existed as of March 13, 2019 or otherwise constitutes an asset of Wallace's bankruptcy estate.

5. <u>No Admission of Liability.</u> The Parties agree and acknowledge that nothing contained in this Agreement shall constitute or be treated as an admission of liability or wrongdoing by any other Party. This Agreement is intended solely as a compromise of disputed claims.

6. <u>Governing Law.</u> This Agreement shall be governed by and construed according to the laws of the State of Ohio without regard to its conflicts of law provisions.

7. <u>Entire Agreement.</u> Each Party acknowledges this Agreement is a fair agreement and is not the result of fraud, duress or undue influence exercised upon it by any person or entity. This Agreement constitutes the entire agreement between the Parties and there are and have been no representations, promises, warranties or undertakings other than or contrary to those set forth in this Agreement. Each Party acknowledges it has read this Agreement, and has participated in its negotiation, understands its contents, and has had the opportunity to obtain the assistance of legal counsel of its choice. As such, this Agreement shall not be construed or interpreted more harshly or otherwise against one Party than the other Party. All the terms of this Agreement are contractual and not mere recitals. Each Party represents that the person signing this Agreement for that Party is authorized to do so and to bind such Party to the performance of this Agreement, and that all necessary formalities have been satisfied. Any rule of law wherein ambiguities in this Agreement would be construed against its drafter shall not apply and is affirmatively waived by the Parties to this Agreement.

8. <u>Waiver.</u> This Agreement may not be changed, waived, discharged or terminated, except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought. No failure to act by any Party hereto shall be deemed to constitute a waiver of any of such Party's rights or remedies hereunder. The waiver by any Party hereto of a breach of any provision or condition of this Agreement shall not operate as or be construed as a waiver of any subsequent breach or of any other provisions or conditions hereof,

9. <u>No Other Lawsuits</u>. The Trustee warrants and represents that he has not filed any claims, complaints, or causes of actions against any of the School Districts on behalf of Wallace's bankruptcy estate, and has not assigned or transferred (or purported to assign or transfer) to any person or entity all or any part of or any interest in any claim released under this Agreement.

10. <u>Counterparts</u>. This Agreement may be signed in one or more counterparts and delivered to the other Parties via electronic mail in .pdf format, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

11. <u>Severability</u>. Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

12. <u>Retention of Jurisdiction</u>. The United States Bankruptcy Court for Northern District of ~~Ohio~~ Delaware shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between them arising from or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accord with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules of said Court

**IN WITNESS WHEREOF**, the Parties have voluntarily executed this Settlement Agreement And Release Of Claims.

**Sheldon Stein, Chapter 7 Trustee for Debtor Jason D. Wallace, Case No. 19-11351**

Dated:_____      _____

**Solon City School District**

Dated:_____      By:_____

Its:_____

4

{03008170 -3}

Dated:_____

**Nordonia Hills City School District Board of Education**

By:_____

Its:_____

**Cleveland Heights-University Heights School District Board of Education**

Dated:_____

By:_____

Its:_____

5

{03008170-3}